UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR ALVAREZ CARRILLO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>GISELLE MATTESON, et al.,<br><br>　　　　Respondents. | Case No.22-cv-07776-JSC<br><br>**ORDER RE PETITION FOR WRIT OF HABEAS CORPUS AND PETITIONER'S MOTION FOR EVIDENTIARY HEARING**<br><br>Re: Dkt. Nos. 1, 23 |

Petitioner, a prisoner of the State of California, seeks a writ of habeas corpus under 28 U.S.C. § 2254 on the grounds of ineffective assistance of counsel. (Dkt. No. 1.)[1] Petitioner moves for an evidentiary hearing under Habeas Corpus Local Rule 2254-7 and Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. (Dkt. No. 23.) Having carefully considered the briefing, the Court DENIES the petition and motion.

## BACKGROUND

On December 12, 2018, a Mendocino County jury convicted Petitioner of first degree murder in violation of California Penal Code § 187(a) with an enhancement for personal use of a deadly and dangerous weapon under California Penal Code § 12022(b)(1). (Dkt. No. 13-5 at 158.) On March 28, 2019, Petitioner was sentenced to 30 years to life in prison. (*Id*. at 247-54.) On January 12, 2023, Petitioner appealed on the grounds of ineffective assistance of counsel, arguing defense counsel unreasonably failed to object to prosecutorial misconduct during closing arguments. (Dkt. No. 13-47.)

On June 29, 2021, the California Court of Appeal affirmed the judgment of conviction and

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

sentence on direct review. (Dkt. No. 13-46.) The court ruled Petitioner had no claim for ineffective assistance of counsel because the prosecutor did not engage in misconduct, so it was reasonable for defense counsel not to object. (*Id*. at 15.) But even if defense counsel had failed to meet the standard for reasonableness in choosing not to object to the prosecutor's remarks, Petitioner was not prejudiced because "[t]here is no reasonable probability that the result in the case would have been different if defense counsel had objected to the prosecutor's remarks." (*Id*.)

Petitioner appealed to the California Supreme Court, which declined to review the petition on September 15, 2021. (Dkt. No. 13-48.) On December 8, 2022, Petitioner filed the instant petition for writ of habeas corpus. (Dkt. No. 1.)

## DISCUSSION

### I. PETITION FOR WRIT OF HABEAS CORPUS

This Court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The writ

> [s]hall be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court determines whether the state court unreasonably applied clearly-established federal law by asking if the state court's application was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). "[A] federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Nevada v. Jackson*, 569 U.S. 505, 508–09 (2013) (cleaned up).

Petitioner seeks federal habeas relief for violation of his Sixth Amendment right to effective assistance of counsel. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective

2

standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id*. at 692. Thus, Petitioner also must demonstrate there exists a reasonable probability the result of the proceeding would have been different but for counsel's unprofessional errors. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011); *see also id*. at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." (cleaned up)).

Petitioner alleges defense counsel's failure to object to two alleged prosecutorial errors during closing argument rendered defense counsel's assistance ineffective. Petitioner accuses the prosecution of improperly arguing 1) the defense had been fabricated and 2) the jury should accept the prosecution's theory of events because it was reasonable, whereas the defense's theory of innocence was unreasonable.

### A. Prosecutorial Misconduct

The prosecutor's remarks rise to a level of misconduct constituting infringement of Petitioner's constitutional rights only if they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). While prosecutors may ask the jury to draw inferences from the evidence the prosecutor in good faith believes might be true, it is improper for the government to propound inferences it knows to be false or has a very strong reason to doubt. *United States v. Blueford*, 312 F.3d 962, 968 (9th Cir. 2002). "A court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations." *Donnelly v. DeChristoforo*, 416 U.S. 637, 647 (1974).

#### i. Fabrication Comment

Petitioner first alleges the prosecutor engaged in misconduct by asserting the defense was

fabricated.  In closing, the prosecutor argued:

> This crime scene is processed within an hour of the murder.  Locked down immediately.  **This version of events that's being fabricated by the defense, you think the officers two hours after this have any idea what's going to be presented two years later?**  No.  What we do know, the DNA was taken.  What we do know, Salvador IS held down IN his bed while he's being stabbed.  That's where all that blood came from, and that stipulation.
>
> What we do know, the left side of the wall as you exit the bedroom, he's obviously being pushed up against the [wall], probably repeatedly stabbed, and he's held there for some period of time because look at the blood trail from Sal Hernandez as he's bleeding out in his own bedroom.  They make great hay about this doorway, whose blood is it?  Was the door closed?  Was the door opened?  The defense version is he's holding the door shut to protect himself.
>
> Maybe he's holding it shut to keep Salazar from continuing to stab him.
>
> Maybe the door was in the open position, it looks to me if you look at People's Exhibit 26, this blood on the carpet here corresponds with the drips coming down. You judge the credibility of the witnesses. You evaluate the evidence.

(Dkt. No. 13-37 at 141-42 (emphasis added).)  Petitioner argues a reasonable juror would have understood the prosecutor's comments to mean Petitioner fabricated his defense and the defense's blood spatter expert fabricated his testimony.  (Dkt. No. 1 at 20.)

Attorneys are given "wide latitude" in closing arguments to make "reasonable inferences from the evidence presented at trial." *United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997).  "Criticism of defense theories and tactics is a proper subject of closing argument." *Id*. When a defendant has taken the stand, a prosecutor's interpretation of a defense theory relying on defendant's testimony as a "fabrication" is well within the bounds of acceptable comment. *United States v. Birges*, 723 F.2d 666, 672 (9th Cir. 1984) ("It is neither unusual nor improper for a prosecutor to voice doubt about the veracity of a defendant who has taken the stand.").  Because Petitioner testified, the veracity of his testimony was in issue. *Stewart v. United States*, 366 U.S. 1 n.13 (1961).

Petitioner has failed to establish the prosecutor's "fabrication" comment constitutes prosecutorial misconduct.  Unlike in *United States v. Blueford*, where the prosecutor improperly propounded an inference the government knew to be false or had very strong reason to doubt, here

4

the prosecutor appropriately sought to undermine the veracity of Petitioner's testimony and the defense theory by identifying instances where the evidence contradicted or failed to support the defense's theory of self-defense. 312 F.3d at 968. The prosecutor noted Deputy Massey's testimony Petitioner harassed the decedent and Mario Fuentes the night before the murder contradicted Petitioner's testimony he was never there, suggesting Petitioner was lying. (Dkt. No. 13-37 at 96-97.) The prosecutor noted none of the eyewitnesses to the assault in the parking lot saw Escamilla exit the apartment where Petitioner stabbed the decedent, despite Petitioner's testimony Escamilla invited him to do methamphetamine in the decedent's apartment before both Escamilla and decedent attacked him. (*Id*. at 138-40.) The prosecutor argued it was implausible someone performing mechanic work on their truck would do so wearing a backpack containing a machete. (*Id*. at 138.) Likewise, the prosecutor argued it was implausible for someone preparing a line of methamphetamine to do so while wearing gloves. (*Id*. at 139.) Further, the prosecutor argued Petitioner's claim he was unaware the decedent was in the apartment where Escamilla and Petitioner were doing methamphetamine was unlikely given the apartment's size. (*Id*.)

Petitioner argues the prosecutor's "fabrication" argument did more than suggest the defense's theory was inconsistent with the evidence—it improperly denigrated the blood spatter expert's testimony when there was no evidence the expert fabricated his testimony. But a review of the record indicates the prosecutor was arguing the defense's blood spatter expert was speculative. He noted the expert had limited expertise in blood spatter applicable to Petitioner's case, (Dkt. No. 13-37 at 94), his testimony it was Petitioner's blood spatter on the backside of the door was unreasonable in light of the evidence, (*id*. at 95), and he could not determine whether Petitioner or the decedent was cut first or who stood on which side of the door during the struggle. (*Id*.)

Despite Petitioner's insistence to the contrary, this is not a case where the prosecutor argued the defense was fabricated without support; the prosecutor offered evidentiary support to contend the defense theory was fabricated. In evaluating the same arguments, the court of appeal concluded the prosecutor's "remarks were plainly within the scope of permissible argument," and "by telling the jury Carrillo's version of events [was] being fabricated by the defense," the

prosecutor had merely argued "the expert's testimony was unsupported by evidence and based on speculation—that is, not worthy of belief, as opposed to an artifice to deceive." (Dkt. No. 13-46 at 9-10.) "At no time did the prosecutor in this case impugn defense counsel's integrity or accuse counsel of fabricating evidence." (*Id*. at 10.)

### ii. Burden of Proof

Petitioner next alleges the prosecutor engaged in misconduct when he asserted guilt had been proven beyond a reasonable doubt because the prosecution's theory of the case was reasonable. In closing, the prosecutor argued:

> The judge has provided you some of the law. He's going instruct you a little bit more when I get done. I presented my case, the defense has presented their version of events, then **your job will be carefully weighing and considering the evidence, determine what is true, what is a fabrication. What is reasonable. And what is unreasonable.** And one of the instructions the judge has already read to you, I am going to put it up here, this deals with circumstantial evidence, intent or mental state.
>
> If you can draw two or more reasonable conclusions from the circumstantial evidence, and one of those conclusions supports a finding the defendant did have the required intent and mental state, and then another reasonable conclusion supports a finding that the defendant did not, you must conclude the required intent and mental state was not proved by the circumstantial evidence. Both reasonable, one points to innocence and one points to guilt, you got to adopt the one that points to innocence. However, when considering the circumstantial evidence, you must only -- you must accept only reasonable conclusions and reject any that are unreasonable. You can only consider the reasonable conclusions. **I submit to you that the defendant's version of events has what transpired in 2016 are unreasonable interpretations of the evidence**.

(Dkt. No. 13-37 at 137-38 (emphasis added).) Challenging Petitioner's self-defense theory, the prosecutor went on to list points where Petitioner's testimony could only be believed based on "an unreasonable interpretation of the evidence." (*Id*. at 138-44.) Petitioner insists the prosecutor diluted and trivialized the burden of proof by arguing the jury's task was to determine what is reasonable, Petitioner's version of events was unreasonable, and the prosecution's theory was reasonable. (Dkt. No. 22-1 at 6-7.)

"It is permissible to argue that the jury may reject impossible or unreasonable interpretations of the evidence and to so characterize a defense theory." *People v. Centeno*, 60

Cal. 4th 659, 672 (2014). "It is not improper for a prosecutor to challenge the credibility of a testifying defendant by calling into question the defendant's version of events." *United States v. Henderson*, 241 F.3d 638, 652 (9th Cir. 2000), *as amended* (Mar. 5, 2001).

The California appellate court ruled the prosecutor did not commit misconduct in arguing the jury must only accept reasonable conclusions and reject unreasonable conclusions. (Dkt. No. 13-46 at 13.) Petitioner does not identify any statement from the prosecution suggesting a reasonable account of the evidence satisfies the prosecutor's burden of proof, which would constitute prosecutorial misconduct under *Centeno*. 60 Cal. 4th at 672 ("it is error for the prosecutor to suggest that a 'reasonable' account of the evidence satisfies the prosecutor's burden of proof."). Moreover, a reasonable juror would have understood the prosecutor's closing argument in the context of the trial court's instruction on the burden of proof and the prosecutor's other comment explaining the jury must acquit if a reasonable conclusion could be drawn from the circumstantial evidence supporting Petitioner's innocence. (Dkt. No. 13-37 at 137-38.) Thus, the prosecutor did not leave "the jury with the impression that so long as [his] interpretation of the evidence was reasonable, the People had met their burden." *Centeno*, 60 Cal. 4th at 672.

\* \* \*

Given the highly deferential standard of review, Petitioner has failed to establish the California appellate court's decision as to the prosecutor's fabrication and burden-of-proof comments was objectively unreasonable. *Williams*, 529 U.S. at 409. "Because the prosecutor did not engage in misconduct, it was reasonable for defense counsel not to object. Carrillo therefore has no claim for ineffective assistance of counsel." (Dkt. No. 13-46 at 15); *see also Martinez v. Ryan*, 926 F.3d 1215, 1226 (9th Cir. 2019) ("failure to raise a meritless argument does not constitute ineffective assistance." (cleaned up)).

**B. Prejudice**

Even if defense counsel's failure to object to the challenged portions of the prosecutor's closing argument fell below *Strickland*'s objective standard of reasonableness, Petitioner is only entitled to relief if he was prejudiced as a result of defense counsel's unprofessional conduct. 466 U.S. at 687-94. Prejudice exists if there is a reasonable probability the outcome of Petitioner's

7

trial would have been different but for defense counsel's silence in the face of alleged prosecutorial misconduct. *Id*. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112.

Petitioner has failed to establish prejudicial error because Petitioner has not shown there exists a substantial likelihood his trial's outcome would have been different but for the absence of defense counsel's closing argument objections. While Petitioner argues the loss of Petitioner's finger in the struggle "was strong independent evidence corroborating petitioner's testimony that he had repelled a knife attack by the victim by grabbing the blade," Petitioner fails to address the incriminating evidence undermining Petitioner's story. (Dkt. No. 1 at 23.) The incriminating evidence illustrates Petitioner got into a dispute the night before the murder with the decedent and his roommates, though Petitioner denied it at trial; Petitioner was carrying a machete and wearing gloves when he entered the decedent's apartment; Petitioner pinned the decedent to his mattress and stabbed him repeatedly before the decedent fled outside; and Petitioner was observed by multiple eyewitnesses chasing the decedent from the apartment and repeatedly stabbing him before fleeing the scene. (Dkt. No. 13-46 at 16.) This evidence alone establishes Petitioner's guilt, tarnishes the credibility of his testimony, and undermines his self-defense theory. Petitioner was not prejudiced by defense counsel's failure to object during the prosecution's closing argument because it is unlikely the objections would have made any difference in the case's outcome.

Moreover, because the prosecutor's statements did not rise to the level of prosecutorial misconduct, there is no indication the objections would have been sustained or resulted in reversal on appeal. In any event, Petitioner has failed to demonstrate the objections, if sustained, would have made a difference to the jury. The trial court properly instructed the jury the prosecutor's burden of proof was guilt beyond a reasonable doubt. (Dkt. Nos. 13-5 at 163, 13-37 at 66-67.) Juries are presumed to follow their instructions. *Richardson v. Marsh,* 481 U.S. 200, 211 (1987).

As the California appellate court ruled, "[t]here is no reasonable probability that the result in this case would have been different if defense counsel had objected to the prosecutor's remarks." (Dkt. No. 13-46 at 15.) Given the amount of evidence supporting Petitioner's guilt, the

8

California appellate court's determination Petitioner did not suffer prejudice from defense counsel's failure to object during the prosecutor's closing argument was not objectively unreasonable.

* * *

Accordingly, the petition is DENIED.

## II.     MOTION FOR EVIDENTIARY HEARING

Petitioner moves for an evidentiary hearing under Habeas Local Rule 2254-7 and Rule 8(a) of the Rules Governing Section 2254 Cases because "[t]he state courts did not hold an evidentiary hearing on any of the petitioner's claims that trial counsel was ineffective at which trial counsel could be cross-examined as to his reasons, if any, for his acts or omissions." (Dkt. No. 23-2 at 1.) Petitioner seeks to develop a record of whether trial counsel had any reasonable tactical basis for not objecting to the alleged prosecutorial misconduct.

Having denied the petition on the grounds Petitioner has failed to establish the California appellate court's decision was objectively unreasonable, Petitioner's motion is moot. *See Premo v. Moore*, 562 U.S. 115, 131 (2011) ("The state postconviction court reasonably could have concluded that Moore was not prejudiced by counsel's actions. Under AEDPA, that finding ends federal review.").

Even if the Court had not denied the petition, Petitioner has failed to establish his entitlement to an evidentiary hearing. Because the California appellate court adjudicated the merits of Petitioner's claim, the petition could only be granted pursuant to 28 U.S.C. § 2254(d). As the petition raises no evidentiary or factual dispute, and instead proceeds on the grounds the state appellate court's decision is contrary to Petitioner's Sixth Amendment rights because defense counsel unreasonably failed to object to alleged prosecutorial misconduct, the petition could only be granted pursuant to 28 U.S.C. § 2254(d). *See Dickey v. Davis*, 69 F.4th 624 (9th Cir. 2023) (applying 28 U.S.C. § 2254(d)(1) to review of a district court's denial of federal habeas relief where petitioner claimed prosecutorial misconduct). Under 28 U.S.C. § 2254(d)(1), Petitioner is foreclosed from an evidentiary hearing because review is limited to the state-court record. *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011).

Petitioner also argues for an evidentiary hearing because "[i]n the state court proceedings, petitioner raised the issues of ineffective assistance of plea counsel in failing to properly advise him of the consequences of his plea on direct appeal and in a collateral relief proceeding." (Dkt. No. 23-1 at 5.)  But Petitioner raises no claim of ineffectiveness as to plea counsel before this Court.  Still, Petitioner insists an evidentiary hearing is required because "the state court based its decision on factual findings which were developed without the aid of an evidentiary hearing at which a full factual record could be developed." (*Id*. at 6.)  But the California appellate court's decision was not based on factual findings.  Rather, its decision was grounded in the legal finding the prosecutor's challenged remarks did not constitute misconduct, so defense counsel's decision not to object was reasonable, and in any case defense counsel's failure to object was nonprejudicial.  (Dkt. No. 13-46 at 11-16.)

Accordingly, the motion is DENIED.

## CONCLUSION

The petition is DENIED because Petitioner has failed to establish the California appellate court's denial of habeas relief was objectively unreasonable.  *Williams*, 529 U.S. at 409.  The motion is DENIED because § 2254(d)(1) review is limited to the state-court record.  *Cullen*, 563 U.S. at 182.  And, in any event, counsel's reasons for not objecting are irrelevant given the appellate court's conclusion there was no prosecutorial misconduct was not an unreasonable application of federal law.

This Order disposes of Docket Nos. 1 and 23.

**IT IS SO ORDERED.**

Dated: October 10, 2023

JACQUELINE SCOTT CORLEY
United States District Judge